By thé Court. — -This was a suit in chancery, brought in the inferior court by the appellant against the appellee, to compel him to convey to the appellant his elder legal title, which the appellee had acquired under a different claim — the complainant alleging that he had the superior equity to the land in controversy.
The appellant, to support his claim, relies on the following entry, made the 17th of February 1783, to wit: “ Peter Moore withdraws his entry of 2106 1-4 acres, on a treasury warrant, No. 8405, ánd enters 1106 1-4 acres, part of the same warrant, beginning on Thomas M’Clanehan’s north-east corner of his pre-emption on Cooper’s run, and running west with his lihe 298 poles to Augustine Eástin’s line, thence with his line north as far aá will with right angles give the quantity.”
The entries of M’Clanehan and Eastin are not relied on for the purpose of shewing the true position of the complainant’s location ; but surveys made for M’Clane-han on the 14th day of January 1783, and for Eastin on4i the 2nd day of January 1783, and a deposition proving- -: that those surveys were returned to the surveyor’s office • within two or three weeks after the time they were made, and that the surveys were known to five or six individu- *90 ■¾⅜,¾⅜¾⅜⅜⅛ ⅜⅛ befeg’áüfficteiít to give V&hcfify fe ⅜⅛ oOtoplainUnt’s entry.
The court, ‘opon «káftiihtog tofe Toitoier dééisíbtos ‘\Vhich have béen Wnderfed nn this subject, find that the principle feM HOtVnto toe ⅛⅜⅜⅛ óf ¿StoéAwr V». ⅛¾⅛⅜» tdti’(a), if adhered to, wotild’áUppbft the cotopláínantk entry; tot'Opposed to'this solitary cáse, íhére is a traht dfdecisitos ¡establishing that an entry must either coto» tain such Certain description of the land intended to be appropriated, or the objects therein called for toast possess such a degree of notoriety that a subsequent locator, by reasonable inquiry, could ascertain the land intended to be Ideated ; and the fOrtoér judges of this court, in -fhe eas'e of Key bs. Matson,seetn toadmit the incorrectness of fbe; principle which had goverhed the deciston to ■Sinclair vs. Singleton.
The principle which1 influenced the decision of the case of Key vs. Matson, is deemed by this court to be not only equitable, but to be founded on a just construction Of the land láw. In ⅜⅛ case it does not é'Ven appear that the surveys, although returned to the survey- or’s'Office, had been recorded before making toe com-plainani’s entry; a subsequent locator had therefore no iossible bpportunity óf ascertaining toe land intended to e ’appropriated by toe complainant’s entry, unless by ac-cidtothe had discovered one of those few individuak who had a knowledge of the surveys. It could never háiVe'beén’ intended by toe legislature, to place a subsequent locator in SO tiaízardóüs a situation. And were this Pdúrt tó'süStáin such claims as toe complainant’s, it ‘Vrcfuld be to ‘direct Violation of legislative intentions, blfearly expressed, indeclarihg that the holder of a land ^pftohtitoairdifeet the location thereof so specially and precisely as ikat others tháy be enabled, with certainty, to lócáte Other warrants oh 'toé ádj aéeht residuum.
Decree' affirmed.*

i) Hughes 92.

 See the cafe of Key vs. Matfon, ante 70, and'the cafes there refereed to.